KINNEY *v.* THOMAS.

4-4188

Opinion delivered February 24, 1936.

*J. B. Milham,* for appellant.
*Arthur C. Thomas,* for appellee.

MEHAFFY, J. The appellant, W. J. Kinney, for a number of years owned two 40-acre tracts of land. On March 12, 1931, W. J. Kinney borrowed $1,500 from the appellee, R. Thomas, and executed his notes, and to secure the payment of said notes he executed a mortgage on the 80 acres of land. He gave notes as follows: $150 due December 10, 1931, $200 due December 10, 1932, $200 due December 10, 1933, and $1,000 due December 10, 1934, the notes bearing interest at 10 per cent. per annum. Lula Kinney, his wife, joined in the mortgage, waiving her rights of dower and homestead and redemption. W. J. Kinney failed to pay either of the first two notes, and in March, 1933, a storm damaged the residence by blowing off part of the front porch, and damaged the roof and wall paper in some of the rooms. Wind and tornado and fire insurance was carried on the building payable to mortgagee as his interest appeared.

On May 18, 1933, appellee Thomas collected from the insurance company $185, the amount of damages to the buildings, and on the same day filed his foreclosure suit without giving credit for the insurance. Thomas carried the storm insurance, paid for it, and when he collected the $185 he spent all of it, except $27, in building a new porch on the house, repairing the rooms, also painting the house, and gave the appellants credit for $27.

A decree of foreclosure was entered on November 20, 1933. The judgment was for $2,031.50. The appellants were given sixty days in which to pay the judgment. Appellant, W. J. Kinney, was endeavoring to secure a loan in order to pay Thomas. He had been trying for some time to get the money, and had been unable to do so.

The commissioner appointed by the court advertised the land for sale on March 2, 1934, but on that day and before the sale was made, appellants, still thinking that they might be able to procure a loan, the parties agreed that the appellants should make a deed to the lands to the appellee, and that appellee would allow them sixty days in which to close up their loan and pay off the judgment debt. Finally when they were unable to get a loan, the deed having been made at the time the land was ad-

vertised for sale, Thomas had the deed recorded. When the land was offered for sale by the commissioner, the appellee, R. Thomas, bid $2,000, and Ed Kinney bid $2,500. Ed Kinney was advised by the commissioner at the time that he would have to make bond. This sale was on Saturday, and the commissioner gave Kinney until Monday to get sureties on the bond, the commissioner having prepared the bond for Ed Kinney. On Monday Kinney sent the bond to the commissioner signed by himself, Dan Kent and J. L. Smith. The commissioner investigated the condition of Ed Kinney and the sureties. He found that there was a judgment against Dan Kent, and that he had nothing above his exemptions; that Ed Kinney had no property, real or personal, and Smith had nothing above exemptions. It is agreed that the above statements are true. The commissioner then went to the office of Mr. Milham, attorney for appellants, and advised him that he could not accept the bond. At the time that Kinney bid the $2,500, the commissioner in the presence of Thomas, advised Kinney that, if he did not make the bond, the sale would be declared to the appellee, Thomas.

The undisputed facts show that all parties agreed to this. In other words, the parties agreed, when Kinney made his bid, that, unless he gave the bond with sufficient sureties, the commissioner would accept Thomas' bid.

This suit is brought to have the deed executed by the appellants to Thomas declared a mortgage and canceled. They asked that the sale then be made under the original decree, and this was done, the court holding that the deed was a mortgage, and ordering a sale under the original decree as requested by appellants.

W. J. Kinney testified that appellee Thomas had tried to help him all he could. The appellants filed a motion in the chancery court asking the court to set aside the sale, and it was the contention then of appellants, and is their contention now, that the sale was not made according to law, and that it was irregular and unfair. The evidence is undisputed that it was made by agreement of all the parties. The debt due Thomas was approximately $2,400, and he bid $2,000. Ed Kinney bid

$2,500. The commissioner evidently did not think the Kinney bid was made in good faith, but was trying to help the appellants all he could, and gave them time in which to make the bond, but it was agreed by all parties that, if he did not make the bond, the commissioner should accept the bid of Thomas. Moreover, while Thomas bid only $2,000, he waived a deficiency judgment, and, in effect, his bid was the same as Kinney's, or within a few dollars of it.

It is apparent from the record in this case not only that Thomas has acted with absolute fairness, but, as testified by Kinney himself, he has tried to help Kinney all he could. It is contended however, that the price is inadequate, and for that reason the sale should be set aside. Several witnesses testified that in their opinion the 80 acres was worth from $4,000 to $5,000. There is, however, no evidence in the record anywhere that they could sell it for any more than Thomas' bid, and there is no evidence that any other person would give that much for it. The evidence shows that, in Kinney's efforts to get a loan, the largest sum he could borrow on the 80 acres was $1,000.

The evidence of appellant's witnesses as to the value of the property is contradicted by a number of witnesses who testify that it was worth approximately $2,500. There is no evidence in the record of any fraud or bad faith on the part of Thomas, and, in fact, the Kinneys do not claim that they have not been treated fairly. It is true, appellants, in their brief, say that the sale was unfair, but the undisputed evidence shows not only that it was agreed to by Thomas and Kinney, but that all parties agreed that, if Kinney did not make his bond, the bid of Thomas would be accepted.

We have many times held that mere inadequacy of price in the absence of fraud, is not sufficient to set aside a sale. We think, however, in this case the price was not inadequate. When numbers of witnesses testify that its value is not in excess of $2,500, and when appellants were unable to secure any loan in excess of $1,000, we think the evidence shows that there was no inadequacy of price.

The chancery court, after a consideration of all the evidence, confirmed the sale, and the decree is correct, and is therefore affirmed.